# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| LAKINDAL SMITH<br>4765 Bending Oaks Ave.<br>Memphis, TN 38128,<br><br>and<br><br>KEITH MARTIN<br>2410 St. Elmo Dr.<br>Memphis, TN 38127<br><br>individually and on behalf all others similarly situated,<br><br>    *Plaintiffs*,<br><br> v.<br><br>FAMILY DOLLAR SERVICES, LLC,<br>t/a FAMILY DOLLAR<br>500 Volvo Parkway<br>Chesapeake, VA 23320<br><br>    <u>SERVE REGISTERED AGENT</u><br>    Corporation Service Company<br>    100 Shockoe Slip Fl 2,<br>    Richmond, VA 23219-4100<br><br>and<br><br>DOLLAR TREE, INC. t/a FAMILY DOLLAR<br>500 Volvo Parkway<br>Chesapeake, VA 23320<br><br>    <u>SERVE REGISTERED AGENT</u><br>    Corporation Service Company<br>    100 Shockoe Slip Fl 2,<br>    Richmond, VA 23219-4100<br>    *Defendants*. | **CASE NO. 1:22-cv-208**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiffs LAKINDAL SMITH and KEITH MARTIN, on behalf of themselves and all others similarly situated, bring this action against Defendants FAMILY DOLLAR ("Family Dollar") and DOLLAR TREE, INC. ("Dollar Tree") (collectively, "Defendants"), to obtain damages, restitution, and injunctive relief for the Class, as defined below, from the Defendants. Plaintiffs make the following allegations upon information and belief, except as to their own actions, the investigation of their counsel, and the facts that are a matter of public record.

## NATURE OF THE CASE

1. This class action arises out of the recently disclosed rodent infestation of a distribution center operated by Defendant Family Dollar in West Memphis, Arkansas. The warehouse stored and shipped products, including products that were intended for human and animal consumption. As a result of the rodent infestation, Plaintiffs and thousands of Class Members who purchased these products were subjected to actual harm.

2. The U.S. Food and Drug Administration ("FDA") announced on February 18, 2022, that Family Dollar stores in six states may have received products from a distribution center in West Memphis, Arkansas that were contaminated by a rodent infestation. The agency warning includes items purchased since January of 2021, such as food for the Plaintiffs' and their family, cosmetics, vitamins and dietary supplements, over-the-counter medications, surgical masks, feminine hygiene products, and contact lens cleaning solutions, and toiletry items among others. The FDA is asking Family Dollar customers to contact the company if they purchased any of these products. The agency also recommends discarding any medical items immediately and is working with the store chain to begin a product recall.

3. Family Dollar has issued a voluntary recall which covered numerous FDA regulated products, including medicine, pet food and cosmetics, that were sold between January 2021 and February 2022 in Family Dollar stores in Alabama, Arkansas, Louisiana, Mississippi, Missouri and Tennessee (the "Recalled Products").

4. The. use or consumption of affected products presents a risk of illness due to the potential presence of *Salmonella*, an organism which can cause serious and sometimes fatal infections in infants, young children, frail or elderly people, pregnant persons, persons with pre-existent pathology (*e.g.*, patients with cancer undergoing chemotherapy treatments, organ transplant recipient, etc.) and others with weakened immune systems. Healthy persons infected with *Salmonella* often experience fever, diarrhea (which may be bloody), nausea, vomiting and abdominal pain. In rare circumstances, infection with *Salmonella* can result in the organism getting into the bloodstream and producing more severe illnesses such as arterial infections (*i.e.*, infected aneurysms), endocarditis and arthritis.

5. Accordingly, Plaintiffs, individually and on behalf of a Class of all persons similarly situated bring claims for breach of the implied warranty of merchantability and unjust enrichment.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the class is a citizen of a state different from a Defendant.

7. The Court has personal jurisdiction over Defendants Dollar Tree and Family Dollar because Dollar Tree is headquartered in Chesapeake, Virginia, and Family Dollar is a wholly owned subsidiary of Dollar Tree. In addition, the Defendants do business and/or transact business in this District.

8. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant Dollar Tree is headquartered in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## PARTIES

9. Plaintiff Lakindal Smith ("Smith") is and at all times mentioned herein an individual citizen of the State of Tennessee residing in the city of Memphis. Smith purchased one or more of the Recalled Products from Family Dollar stores in and around the Millington and Memphis, Tennessee areas.

10. Plaintiff Keith Martin ("Martin") is and at all times mentioned herein an individual citizen of the State of Tennessee residing in the city of Memphis. Martin purchased one or more of the Recalled Products from a Family Dollar stores in and around the Millington and Memphis, Tennessee areas.

11. Defendant Family Dollar maintains its company offices in Charlotte, NC at 10401 Monroe Road, Charlotte, NC 28201. Family Dollar is a wholly owned subsidiary of Defendant Dollar Tree.

12. Defendant Dollar Tree is a Virginia corporation whose corporate offices are located at 500 Volvo Parkway, Chesapeake, VA 23320.

## STATEMENT OF COMMON FACTS

13. Family Dollar is a wholly owned subsidiary of Dollar Tree.

14. Dollar Tree is a Fortune 200 company and a leading operator of discount variety stores in North America for more than thirty years. The company operates more than 15,500 stores across the 48 contiguous states and five Canadian provinces, supported by a coast-to-coast logistics network and more than 193,000 associates.

15. Family Dollar operates a distribution center in West Memphis, Arkansas. (the "Distribution Center"). The Distribution Center distributed products to 404 stores across six states – Alabama, Arkansas, Louisiana, Missouri, Mississippi and Tennessee.

16. Records obtained through the Arkansas Freedom of Information Act show that the Distribution Center has been inspected by the Arkansas Department of Health ("ADH") at least five times since March 3, 2021.

17. During a site inspection on March 3, 2021, state inspectors reported seeing significant rodent activity where human and pet food is stored. "I observed live and dead rodents in this area. I observed products that had been contaminated by rodents," the inspector wrote. "This product was disposed on site."

18. Health officials at the time reported that staff at the distribution center said they knew about the rodent issue and that it had been going on for about 60 days. The inspection documents showed that the facility claimed to have hired a pest control company that would service the facility three times weekly to get the issue under control. The documents also indicated that any affected merchandise would not go to stores.

19. "The firm has a policy which states if product has any evidence of pest activity, gnawing, droppings, etc., the entire pallet is disposed in the onsite compacter," the report shows.

20. During the 2021 inspections, which took place on March 3, March 19, April 2, September 22, records showed that Arkansas inspectors found rodents where human and pet food

is stored. In September's inspection, documents show the state found a rodent in a case of chips but noted the facility had made vast improvements in sanitation and pest control.

21. In an inspection on January 3, 2022, health inspectors reported effective measures were not being taken to stop the pest problem. The state reported finding significant rodent activity where human and pet food is stored, including a dead roof rat in one of the facility's aisles.

22. Arkansas health officials notified the Food and Drug Administration ("FDA") about the problem in October of 2021, after four of the state's inspections the FDA said last week.

23. In January of 2022, the FDA was alerted to unsanitary conditions at the Family Dollar distribution center in West Memphis, Arkansas by a consumer complaint.

24. FDA inspectors concluded their investigation on Feb. 11, 2022, after finding "live rodents, dead rodents in various states of decay, rodent feces and urine, evidence of gnawing, nesting and rodent odors throughout the facility, dead birds and bird droppings" at the center.

25. More than 1,100 dead rodents were found after the center was fumigated.

26. The FDA reported that in addition to their investigation of the premises, internal company records showed "the collection of more than 2,300 rodents between Mar. 29 and Sep. 17, 2021, demonstrating a history of infestation."

27. As a result of the rodent infestation at the Arkansas distribution center, Family Dollar temporarily closed more than 400 stores in six states so that Recalled Products could be removed from the shelves.

28. On Friday, February 18, 2022, Family Dollar issued a voluntary recall which covered numerous FDA regulated products, including medicine, pet food and cosmetics, that were sold between January 2021 and February 2022 in Family Dollar stores in Alabama, Arkansas, Louisiana, Mississippi, Missouri and Tennessee (the "Recalled Products").

29. Family Dollar said in its announcement that the voluntary recall applies to products that were sent to the affected stores by the West Memphis, Arkansas distribution center.

30. The company said it has asked the affected stores "to check their stock immediately and to quarantine and discontinue the sale of any affected product."

31. The FDA said that it initiated its investigation of the warehouse, known as Family Dollar Distribution Center 202, in January, 2022, and that "Family Dollar ceased distribution of products within days of the FDA inspection team's arrival on-site."

32. Rodents can pass diseases on to humans, including salmonellosis, an infection caused by salmonella bacteria, which can be especially dangerous to immunocompromised and other vulnerable people.

33. The FDA advised consumers to throw away any drugs, medical devices, cosmetics and dietary supplements they bought from the affected stores in the past 13 months.

34. As stated by Judith McMeekin, the FDA's associate commissioner for regulatory affairs, consumers who depend on Family Dollar stores for necessary goods such as food and medicine "deserve products that are safe. "No one should be subjected to products stored in the kind of unacceptable conditions that we found in this Family Dollar distribution facility," McMeekin said in a statement. "These conditions appear to be violations of federal law that could put families' health at risk. We will continue to work to protect consumers."

**STATEMENT OF INDIVIDUAL FACTS**

35. During the last 13 months, Plaintiff Smith purchased numerous items from Family Dollar Store #00854 located at 4839 Navy Road, in Millington, Tennessee; Store #00723 located at 2168 Frayser Blvd., Memphis, Tennessee; and numerous other stores in and around the Millington and Memphis, Tennessee, areas. These items included food for her family and herself,

diapers for her minor child, drugs, medical devices, cosmetics and/or dietary supplements purchased for consumption by herself, her family, or her pets that are subject to the recall.

36. During the last 13 months, Plaintiff Martin purchased numerous items from the Family Dollar Store #00854 located at 4839 Navy Road, in Millington, Tennessee; Store #00723 located at 2168 Frayser Blvd., Memphis, Tennessee, and numerous other stores in and around the Millington and Memphis, Tennessee areas. These items included food for his family and himself, diapers for his minor child, drugs, medical devices, cosmetics and/or dietary supplements purchased for consumption by himself, his family, or his pets that ae subject to the recall.

## CLASS ACTION ALLEGATIONS

37. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to a class defined as "All persons who purchased a Recalled Products from Family Dollar" and a Tennessee Subclass defined as "All persons residing in the State of Tennessee who purchased a Recalled Products from Family Dollar."

38. Excluded from the Class are Defendants' officers and directors, and any entity in which Defendants have a controlling interest; and the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendants. Excluded also from the Class are members of the judiciary to whom this case is assigned, their families and members of their staff.

39. Plaintiffs hereby reserve the right to amend or modify the Class definitions with greater specificity or division after having had an opportunity to conduct discovery.

40. <u>Numerosity</u>. The Members of the Class are so numerous that joinder of all of them is impracticable. While the exact number of Class Members is unknown to Plaintiffs at this time,

based on information and belief, the Class consists of thousands of persons who purchased Recalled Products.

41. <u>Commonality</u>. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation, whether the Defendants may be held liable to the Plaintiffs for breach of implied warranty of merchantability and unjust enrichment.

42. <u>Typicality</u>. Plaintiffs' claims are typical of the claims of other Class Members. Plaintiffs and each of the other Class Members purchased the Recalled Products.

43. <u>Adequacy of Representation</u>. Plaintiffs will fairly and adequately represent and protect the interests of the Members of the Class. Plaintiffs' Counsel are competent and experienced in litigating class actions.

44. <u>Predominance</u>. Defendants have engaged in a common course of conduct toward Plaintiffs and Class Members. The common issues arising from Defendants' conduct affecting Class Members set out above predominate over any individualized issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

45. <u>Superiority</u>. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Absent a class action, most Class Members would likely find that the cost of litigating their individual claims is prohibitively high and would therefore have no effective remedy. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants. In contrast, the conduct of this action as a class action presents far fewer management

difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class Member.

## CAUSES OF ACTION

### COUNT I
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

46. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 45 above as if fully set forth herein.

47. "Unless excluded or modified (Section 2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." UCC § 2-314(1).

48. "Goods to be merchantable must be at least such as (a) pass without objection in the trade under the contract description; . . . (c) are fit for the ordinary purposes for which such goods are used; . . . (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and . . . (f) conform to the promise or affirmations of fact made on the container or label if any." UCC § 2-314(2).

49. "It is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee' or that he have a specific intention to make a warranty." UCC § 2-313(2).

50. Defendants are a "merchant" within the meaning of UCC § 2-104(1).

51. The Recalled Products were not merchantable at the time of sale because they were not fit for human or animal consumption. Defendants therefore breached the implied warranty of merchantability.

52. Plaintiffs and Class Members sustained damages as a direct and proximate result of Defendants' breach, including damages for economic injuries from spending money on a product that should not have been sold to them.

53. Plaintiffs, on behalf of themselves and all similarly situated Class Members, demand judgment against Defendants for compensatory damages, including a complete refund of the purchase price of the Recalled Products, pre- and post-judgment interest, costs incurred in bringing this action, and any other relief as this Court deems just and proper.

## COUNT II

## UNJUST ENRICHMENT

54. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 53 above as if fully set forth herein.

55. Defendants received from Plaintiffs and Class Members benefits in the form of money and profits from the sale of the Recalled Products.

56. Defendants sold the Recalled Products to the Plaintiffs and Class Members with knowledge of the rat infestation and with knowledge that the Recalled Products were not fit for human or animal consumption at the time of sale.

57. Defendants have been unjustly enriched and it would be inequitable for Defendants to retain benefits obtained from Plaintiffs and Class Members.

58. Plaintiffs and Class Members are entitled to restitution of the amount by which Defendants were unjustly enriched at their expense.

59. Plaintiffs, on behalf of themselves and all similarly situated Class Members, demand restitution by the Defendants in the amounts by which Defendants have been unjustly

enriched at Plaintiffs' and Class Members' expense, and such other relief as this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated individuals, demand judgment against Defendants as follows:

    a.    Declaring this action to be a proper Class action maintainable pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and declaring Plaintiffs and their Counsel to be representatives of the Classes;

    b.    Awarding damages sustained by Plaintiffs and the Classes as a result of the Defendants' conduct, together with pre-judgment interest;

    c.    Awarding punitive damages sustained by Plaintiffs and the Classes as a result of the Defendants' conduct, together with pre-judgment interest;

    d.    Finding that Defendants have been unjustly enriched and requiring them to refund all unjust benefits to Plaintiffs and the Classes, together with pre-judgment interest;

    e.    Awarding Plaintiffs and the Classes costs and disbursements and reasonable allowances for the fees of Plaintiffs and the Classes' Counsel and experts, and reimbursement of expenses;

    f.    Awarding such other and further relief the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and the Classes request a jury trial for any and all Counts for which a trial by jury is permitted by law.

Dated: February 25, 2022                    Respectfully submitted,

/s/ David Hilton Wise
David Hilton Wise, VSB #30828
Joseph M. Langone, VSB #43543
**WISE LAW FIRM, PLC**
10640 Page Avenue, Ste. 320
Fairfax, Virginia 22030
Tel:    (703) 934-6377
Fax:    (703) 934-6379
dwise@wiselaw.pro
jlangone@wiselaw.pro

Gary E. Mason*
**MASON LIETZ & KLINGER LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Tel: (202) 429-2290
Email: gmason@masonllp.com

J. Luke Sanderson*
**WAMPLER, CARROLL, WILSON & SANDERSON, PC**
208 Adams Avenue
Memphis, TN 38103
Tel.: (901) 523-1844
Email: Luke@wcwslaw.com

*pro hac vice to be filed*                    *Attorneys for Plaintiffs and the proposed Classes*